ANDERSON *v.* APPLETON and others.

*(Circuit Court, S. D. New York.   December 1, 1887.)*

1. REMOVAL OF CAUSES—PETITION FOR ENTRY OF COPY OF RECORD.
    Plaintiff commenced suit in the New York supreme court to establish a will as a will of real estate. One of the defendants removed the cause into the United States circuit court for the Southern district of New York, but did not enter the record. *Held,* that plaintiff could, without leave, enter a copy of the petition, order, and bond, and move to remand the cause under a rule of this circuit, adopted October 1, 1883, which provides that, when a cause has been removed from a state court, either party may, forthwith, cause a copy of the record to be filed in this court, etc.

2. SAME—MOTION TO REMAND—WHAT CONSIDERED.
    Defendant made the objection to the plaintiff's motion to remand the cause to the state court that, on this motion, only the petition for the removal of the cause to the United States court could be considered. *Held,* that a defendant cannot make his cause removable by merely asserting that it is. If the dispute is not within the jurisdiction of the federal court, the federal court will, on motion, remand the case as soon as it sees the complaint.

3. SAME—CITIZENSHIP—ACT OF MARCH 3, 1887.
    One of the defendants resided in the state of New York. She removed a cause begun in the New York supreme court to the United States circuit court for the Southern district of New York. *Held,* that under the United States statute of March 3, 1887, relating to the removal of causes, which provides that any suit * * * may be removed by the defendant therein, being a non-resident of that state, she was not authorized to remove the suit.

4. SAME—CITIZENSHIP—SEPARABLE CONTROVERSY—ACT OF MARCH 3, 1887.
    In an action to establish a will as a will of real estate, where there were a large number of defendants in different states, one of the defendants removed the cause from the state court to the United States circuit court. *Held,* that an action to establish a will is not a separable, but a single, controversy, and its removal is not authorized by the United States act of 1887, relating to the

removal of causes, which provides that when, in any suit, * * * there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants, actually interested in such controversy, may remove such suit.

On Motion to Remand。

*Thomas M. North* and *J. Langdon Ward*, for complainant.

*Edward C. James*, for defendant.

LACOMBE, J.    The plaintiff, an heir at law of John Anderson, and the residuary devisee and legatee under his will, is a citizen of Connecticut. The defendant Kate Anderson is the widow of John Anderson, and is a citizen and resident of New York.    Laura V. Appleton and five other defendants are heirs at law of said John Anderson, and are citizens and residents of New York.    Agnes C. Bryant and Amanda I. Bryant, also defendants, are heirs at law of John Anderson, and citizens of Maryland. John Weber and nine other defendants are citizens and residents of New York; it is, alleged in the complaint that they are united in interest with the plaintiff, and were made defendants because their consent to be joined as plaintiffs could not be obtained.    Each of these last-named defendants is a grantee, direct or remote, of the plaintiff, and is in possession of, and claims to own in fee, some portion of the real estate of which John Anderson died seized.    The action was begun in the supreme court of New York to establish the will of John Anderson, deceased, as a will of real estate.    It is brought, as plaintiff claims, under chapter 316 of the Laws of 1879, amending chapter 238 of the Laws of 1853; or, as defendant claims, under section 1866 of the Code of Civil Procedure, which reads as follows:

"The validity, construction, or effect, under the laws of the state, of a testamentary disposition of real property situated within the state, or of an interest in such property which would descend to the heir of an intestate, may be determined, in an action brought for that purpose, in like manner as the validity of a deed, purporting to convey land, may be determined.    The judgment in such an action may perpetually enjoin any party from setting up or from impeaching the devisee, or otherwise making any claim in contravention to the determination of the court, as justice requires.    But this section does not apply to a case where the question in controversy is determined by the decree of a surrogate's court, duly rendered upon allegations for that purpose, as prescribed in article first of title third of chapter eighteenth of this act, where the plaintiff was duly cited, in the special proceedings in the surrogate's court, before the commencement of the action."

The repealing act, chapter 245 of the Laws of 1880, did not repeal the amending act, chapter 316 of the Laws of 1879, although it did repeal the original act of 1853, and there has been in the state courts no decision of the question whether the Code (section 1866) has superseded the act of 1879.    A determination of that question, however, is not necessary to the disposal of the motion now before the court.    The action provided for by the Code is of substantially the same character as that provided for by the statute.

On October 19, 1887, before her time to apply expired, the defendant Laura V. Appleton duly filed her petition and bond in the supreme court, and obtained an order removing the cause into this court. She did not, however, enter the record, insisting upon her right to delay doing so until the first day of the next term, April 2, 1888. (Act of March 3, 1887, § 3.) Thereupon the plaintiff's attorney, without leave first obtained, has entered a copy of the petition, order, and bond, with a certificate of the clerk of Westchester county. The complaint, agreeably to a common practice in the state courts, was not filed with the county clerk, and hence was not certified by him. The plaintiff now moves to remand, basing his motion on all the papers, pleadings, and proceedings. To this application the removing defendant interposes two preliminary objections:

*First.* That the motion is premature, contending that a plaintiff is not allowed to enter the record before the first day of next term, except by leave of the court, and then only for the purpose of moving for a provisional remedy. After removal, however, the state court is without jurisdiction, and if the defendant's objections were sound, she might, by mere inaction, leave the case stranded for six months between the state and federal jurisdictions, and, in the meanwhile, lock her adversary out of both courts. Such a practice would be intolerable, and has been provided against by rule of this circuit, adopted October 1, 1883, and still in force, as follows:

"When a cause has been removed from a state court, either party may forthwith cause a copy of the record to be filed in this court, and thereupon may notice the cause for trial in this court. although the term has commenced, and, upon filing a note of issue, may place the cause upon the calander as of the date when the record was filed. Such cause will not be placed upon the calendar until five days after the filing of the note of issue. When the cause has been duly noticed for trial in the state court before removal, no new notice of trial in this court will be required, but the party filing the note of issue shall, on the day of filing the same, serve notice thereof on the adverse party."

*Second.* The defendant further objects that the petition only can be considered on this motion; it and the bond being the only papers entered. This is also a dilatory objection. If the plaintiff shows conclusively that the suit is one which, under the acts of congress, does not properly involve a dispute within the jurisdiction of the circuit court, that court will, when it so appears, remand the case to the state court. *Ayres* v. *Wiswall,* 112 U. S. 187, 5 Sup. Ct. Rep. 90. There is no good reason why the time of the litigants and of the court should be wasted in going through the preliminary steps of a litigation, if it is one of which the court will disclaim jurisdiction as soon as it sees the complaint. Moreover, there is here no dispute of fact, such as appeared in the cases cited in support of this objection. The complaint and the petition are in accord, so far as they set forth the facts out of which the controversy arises, and disclose the citizenship of the parties. The authorities which hold that the petition is for the purpose of a motion to remand to be considered as true, do not apply to such averments therein as are merely

conclusions of law. A defendant cannot make his cause removable merely by asserting in his petition that it is. The preliminary objections being thus disposed of, the merits of the motion to remand may be considered.

The plaintiff insists that this is not a removable cause, because it is brought under a special statute, which is part of the probate system of the state of New York; citing *Reed* v. *Reed,* 31 Fed. Rep. 49. He also claims that the defendants Weber and others (plaintiff's grantees) are necessary parties, and must be ranged on his side of the controversy; that when the parties to the suit are so arranged, it will be found that there are citizens of New York state on both sides of the controversy. The first of these points need not be decided; the other is considered incidentally hereafter.

The statute of 1887 has made a material change in the law. It provides that "any suit of a civil nature, other than such as involve a federal question or conflicting grants of two or more states, at law or equity, of which the circuit courts of the United States are given jurisdiction by the preceding [first] section, * * * brought in any state court, may be 'removed * * * by the defendant or defendants therein, *being nonresidents of that state.*" Under the removal act of 1875, the plaintiff or defendant might remove the cause, and irrespective of his individual residence. The removing defendant, Laura V. Appleton, is a citizen and resident of the state of New York, and, under the clause just cited, is not authorized to remove the suit. She claims, however, that by the sentence in the statute of 1887 (section 2) which immediately follows, a different class of litigation is provided for, in which removal by a resident is authorized. The sentence referred to is as follows:

"And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The defendant contends, as the effect of this sentence, that the only restriction now laid upon the right of removal of separable controversies is that the motion must be made *by a defendant,* and that the restriction as to non-residents does not apply. See *Telegraph Co.* v. *Brown, ante,* 337. In other words, that congress has provided that a person sued in the courts of his own state shall not, in the absence of a federal question or conflicting state grants, remove his cause into the circuit court, except when there may chance to be other parties to the action between whom and his adversary there may be some controversy separable from his own. Even if it be conceded that this construction is a sound one, (and this opinion is not to be taken as passing upon that question,) the defendant in this suit cannot avail of its benefits.

The defendant's main reliance is on *Barney* v. *Latham,* 103 U. S. 205, (1880,) in which there was construed a clause similar to the one cited, and known as the second clause of section 2 of the act of 1875, as follows:

"And when in any suit there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit into the circuit court of the United States for the proper district."

The court, in *Barney* v. *Latham*, found that there "was more than one controversy in the suit" before it, and that as to that "entirely separate controversy, * * * with which the defendant in the other controversy had no necessary connection," the citizenship of the parties to it was such as to warrant removal. The facts shown in that case were substantially these, (omitting all mention of minor details, such as changes of interest by death or otherwise:) Latham and six associates built a railroad under an agreement by which, in consideration of its construction, the railroad company engaged to transfer to them the lands which it might receive from time to time as grants from the state. To the expense of construction Latham contributed one thirty-seventh, becoming thus entitled to one thirty-seventh of the land and its proceeds. The five other associates subsequently created a land company, to which the railroad company conveyed the greater part of the lands, and which managed and sold the same. Prior to the creation of the land company, there had been sales of which Latham's five associates received the proceeds. Latham sued the land company, praying to be adjudged the owner of his share of the unsold lands, and to have an accounting for his share of the proceeds of sales already made by the land company. He did not stop there, however, but also sued his five associates for an accounting as to the proceeds of such sales as they had made before the land company was formed. The court held that these were causes of action which, under the settled rules of pleading, *need not* have been united in one suit, and that there was a separable controversy. Since this decision, the second clause of the act, or section 2 of the act of 1872, has been repeatedly before the supreme court. In no cause, however, has that court found the facts such as to warrant the holding that there was a separable controversy in the particular case, while it has affirmed and repeatedly reaffirmed the proposition that, to entitle a party to removal under that clause, there must exist in such suit a separate and distinct cause of action; that the case must be one capable of separation into parts. *Ayers* v. *Chicago*, 101 U. S. 184; *Blake* v. *McKim*, 103 U. S. 336; *Hyde* v. *Ruble*, 104 U. S. 407; *Corbin* v. *Van Brunt*, 105 U. S. 576; *Fraser* v. *Jennison*, 106 U. S. 191, 1 Sup. Ct. Rep. 171; *Winchester* v. *Loud*, 108 U. S. 130, 2 Sup. Ct. Rep. 311; *Shainwald* v. *Lewis*, 108 U. S. 158, 2 Sup. Ct. Rep. 385; *Ayres* v. *Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90; *Railroad Co.* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Railroad Co.* v. *Wilson*, 114 U. S. 60, 5 Sup. Ct. Rep. 738; *Pirie* v. *Tvedt*, 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161; *Crump* v. *Thurber*, 115 U. S. 56, 5 Sup. Ct. Rep. 1154; *Insurance Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733; *Laidly* v. *Huntington*, 121 U. S. 179, 7 Sup. Ct. Rep. 855; *Hedge Co.* v. *Fuller*, 122 U. S. 535, 7 Sup. Ct. Rep. 1265; *Mining Co.* v. *Canal Co.*, 118 U. S. 264, 6 Sup. Ct. Rep. 1034; *Little* v. *Gibbs*, 118 U. S. 596,

7 Sup. Ct. Rep. 32; *Brooks* v. *Clark*, 119 U. S. 502, 7 Sup. Ct. Rep. 301.

Viewed in the light of these decisions, this suit presents no such distinct and separable causes of action as were found in *Barney* v. *Latham*. There is here but a single controversy, viz.: Is the will of John Anderson valid as a will of real estate? and its character is not changed merely by rearranging the parties to it. It does not become separable into parts because some of the defendants are interested jointly, and others are interested severally, in its determination. There may be a controversy as to its validity between any one of the plaintiff's grantees and the heirs at law; but such controversy is, in all respects, identical with the one between the plaintiff and the heirs at law.

The controversy here is not separable, under the decisions, and the motion to remand is therefore granted.