**Russell HUDLER, Plaintiff,**

**v.**

**Francis C. WILSON, also known as F. C. Wilson, et al., Defendants.**

**Civ. A. No. C–5458.**

United States District Court,
D. Colorado.

June 6, 1974.

As Amended June 11, 1974.

Robert B. Emerson, Mulford & Love, Granby, Colo., for plaintiff.

Herbert A. Delap, Grant, Shafroth, Toll & McHendrie, Denver, Colo., for defendants, Francis C. Wilson and Charla H. Wilson.

Franklin C. Douglas, Denver, Colo., for The Denver Evangelical Foundation, Inc., defendant.

OPINION AND ORDER

CHILSON, Judge.

This action was brought in the Grand County District Court to quiet title to certain real property situate therein.

At the time of filing the action, plaintiff was a citizen of Missouri; the defendants, Francis C. Wilson and Charla H. Wilson, were residents of Texas; the defendant, Douglas, and the corporate defendant were citizens of Colorado.

The Wilsons and Douglas removed this action to this court alleging that this court had original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) and asserted that right to remove pursuant to Title 28 U.S.C. § 1441.

Plaintiff has moved for remand to the state court urging that 28 U.S.C. § 1441 (b) is applicable and does not permit removal if one or more of the defendants is a citizen of the state in which the action was brought.

■ The plaintiff's contention is correct. An action which does not involve a federal question may be removed to Federal Court only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. Volume 1, Federal Practice and Procedure, Barron and Holtzoff, Wright's Edition § 103 P. 474. The supporting case law is: Martin v. Snyder, 1893, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602; Handley-Mack Co. v. Godchaux Sugar Co., C.C.A. 6th, 1925, 2 F.2d 435; Wichita Nat. Bank v. Smith, C.C.A. 8th, 1896, 72 F. 568, 19 C.C.A. 42, error dismissed 18 S.Ct. 946, 42 L.Ed. 1214; Arcady Farms Milling Co. v. Northcutt, D.C.S.C.1949, 87 F.Supp. 373; Kearney v. Dollar, D.C.Del.1953, 111 F. Supp. 738; Mills v. Newell, C.C.Minn. 1890, 41 F. 529; Anderson v. Appleton, C.C.N.Y.1887, 32 F. 855; Visayan Refining Co. v. Standard Transp. Co., D.C. N.Y.1927, 17 F.2d 642; Morrison v. Jack Richards Aircraft Co., D.C.Okl.1971, 328 F.Supp. 580.

■ Although the defendant, Douglas, appears to have disclaimed any interest

in the subject matter of the action, a question which we do not here answer, the corporate defendant was properly joined and served as the defendant in this action and admittedly for the purposes of jurisdiction, is a citizen of the State of Colorado in which this action was brought.

The motion to remand should be granted.

The corporate defendant's motion to quash should be determined by the state court when this action is remanded to it.

It is therefore ordered that the plaintiff's motion to remand is hereby granted and the Clerk of the Court shall with all convenient speed remand this case to the District Court in and for the County of Grand and State of Colorado for further proceedings.