William L. TURNER, Janet A. Turner and Mark L. Rosenbloom, Plaintiffs,

v.

BELL FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.

No. 79 C 4637.

United States District Court, N. D. Illinois, E. D.

March 14, 1980.

Kearney & Phelan, Philip J. Schmidt, Chicago, Ill., for plaintiffs.

Louis R. Schroeder, Chicago, Ill. (Schumacher, Jones, Vallely, Kelly & Olson, Chicago, Ill., of counsel), for defendant.

### DECISION ON PLAINTIFFS' MOTION TO REMAND

McMILLEN, District Judge.

Plaintiffs brought this action in the Circuit Court of Cook County on behalf of themselves and others similarly situated alleging that certain of defendant's loan charges are in violation of Illinois law. Defendant removed the action to this court pursuant to 28 U.S.C. § 1441, on the ground that its practices are wholly controlled by federal statutory and regulatory enactments. Plaintiffs have filed a motion to remand this action to the state court, and for their costs. Defendant has filed a motion to dismiss this action for failure to state a claim, based upon the doctrine of federal pre-emption, but we reach the controlling question of this court's subject-matter jurisdiction first. See 28 U.S.C. § 1447(c).

Section 1441(a) limits this court's jurisdiction on removal to cases over which the federal district courts have original jurisdiction. Defendant relies upon this court's federal question jurisdiction, under 28 U.S.C. § 1331. To bring a case within this section, a right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action, and the federal controversy must be disclosed on the face of the complaint, unaided by the answer or the petition for removal. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). It is immaterial that plaintiff *could* have proceeded on some federal ground. *Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

Defendant nonetheless relies upon cases holding that where the controversy will be controlled by federal law not appearing on the face of the complaint, the action falls within an exception permitting removal because of the doctrine of federal pre-emption. E. g., *Rettig v. Arlington Heights Federal Savings and Loan Association*, 405 F.Supp. 819 (N.D.Ill.1975); *Bailey v. First Federal Savings & Loan Association of Ottawa*, 467 F.Supp. 1139 (C.D.Ill.1979). Assuming that these cases correctly apply 28 U.S.C. § 1441, they clearly involved Federal questions, in contrast to the narrow and specific local issues presented by the complaint in this case.

The approach taken by defendant is inconsistent with the controlling law of this circuit, *Bailey v. Logan Square Typographers, Inc.*, 441 F.2d 47 (7th Cir. 1971), as well as the law of other circuits which have squarely decided this question. *State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654 (9th Cir. 1972); *Home Federal Savings and Loan Association of Algona, Iowa v. Insurance Department of Iowa*, 571 F.2d 423 (8th Cir. 1978). These cases recognize that, when the doctrine of federal pre-emption is asserted as a defense, plaintiff's claim does not arise under federal law. We therefore resolve the question of this court's jurisdiction against defendant and will remand it. Defendant's federal pre-emption claim may be raised in the state court.

Plaintiffs also move for their costs in responding to the removal petition. While § 1447(c) permits an award of "just costs" upon remand to the state court, we find that defendant presented a substantial jurisdictional question, and we therefore deny that portion of plaintiffs' motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs' motion to remand this action to the Circuit Court of Cook County is granted, pursuant to 28 U.S.C. § 1447(c). Plaintiffs' motion for costs is denied.