Willie Z. MOORE, Ramona L. Moore, and Frank D. Hyden, Plaintiffs,

v.

Donald W. BISHOP and Donna M. Bishop, Defendants.

Civ. A. No. 81–0979–1.

United States District Court, D. South Carolina, Charleston Division.

Sept. 2, 1981.

John J. McKay, Jr., McKay & Gertz, P.A., Hilton Head Island, S. C., for plaintiffs.

John V. Esposito, Pracht & Esposito, Hilton Head Island, S. C., for defendants.

## ORDER

HAWKINS, District Judge.

This action was commenced against the defendants, Donald W. Bishop and Donna M. Bishop, in the Court of Common Pleas for Beaufort County, South Carolina, by due and proper service of a summons and complaint on May 2, 1981. The defendants filed a petition for removal on May 19, 1981, thereby causing this action to be removed to the United States District Court for the District of South Carolina, Charleston Division. The plaintiffs have moved to have the above referenced action remanded to the state court.

The precise issue presented by this motion is whether this case was properly removed from the state court to the federal court. To answer this question, this court must look to the provisions of Title 28, United States Code Section 1441. That section provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be

removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Paragraph (a), read alone, would appear to indicate that this case would be properly removable to the United States district court since it clearly is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ."[1] However, in consideration of the clear wording of paragraph (a), this court must look to what the Congress has "otherwise expressly provided." Paragraph (b) provides in essence that an action which does not involve a federal question may be removed *only if* none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. *See Hudler v. Wilson*, 376 F.Supp. 592 (D.Colo. 1974) and the numerous cases cited therein. Thus, removal jurisdiction is narrower than original jurisdiction for diversity cases and "§ 1441(b) effectively prevents a citizen who is sued in the courts of his own state from removing the cause to a federal forum unless the claim or right arises under the Constitution, treaties or laws of the United States." *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371 (D.Md.1974).

■ Upon consideration of the complaint, it is the conclusion of this court that this case in no way involves federal question jurisdiction. Thus, in light of the restrictions of paragraph (b), this case may be removed only if none of the defendants, properly joined and served as parties in interest, are South Carolina citizens. It is the finding of this court that both defendants were properly joined and served as parties in interest. Furthermore, it appears to this court that defendant Donna M. Bishop is a South Carolina citizen. Thus, it is the conclusion of this court that the case was improperly removed and is not within the jurisdiction of this court.

■ Plaintiffs in their motion request costs and disbursements incurred by reason of these removal proceedings. Section 1447(c) of Title 28 of the United States Code allows the court the discretion "to order the payment of just costs" when remanding a case. In my opinion, justice requires that costs be assessed against the defendants in this case. This ruling is made after consideration by the court as to whether the question of removability presented was substantial, close, or novel. *See Capitol Cake Co. v. Lloyd's Underwriters*, 453 F.Supp. 1156 (D.Md.1978); *Turner v. Bell Federal Sav. & Loan Asso.*, 490 F.Supp. 104 (D.Ill.1980).

■ Plaintiffs' request for an award of attorneys' fees is denied. Nothing in Section 1447, or in any other statutory provision, provides the courts with authority to grant such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); 14 Federal Practice and Procedure § 3739 (1976). Accordingly, it is hereby

ORDERED, that the above-entitled action be remanded to the Court of Common Pleas, State of South Carolina, County of Beaufort; that all pleadings filed be made a part of the case on remand; that defendants Donald W. Bishop and Donna M. Bishop pay to the plaintiffs all costs incurred by reason of these removal proceedings; and that plaintiffs' request for attorneys' fees is denied.

AND IT IS SO ORDERED.

---

1. Plaintiffs' complaint avers that the defendants are "citizens of the County of Beaufort, State of South Carolina." See paragraph 1 of complaint. Defendants' petition for removal recites that plaintiffs are "citizens of the State of Georgia." Defendants' answer and counterclaim avers that defendant Donna M. Bishop is a citizen of South Carolina and that plaintiffs are citizens of Georgia. See Answer and Counterclaim at p. 7. There thus appears to be no real issue arising as to the citizenship of the parties to this action. In the instant case, there is "complete diversity," that is, all plaintiffs have diversity of citizenship from all defendants. *See Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). It further appears from the complaint that the amount in controversy is sufficient to confer federal jurisdiction.