Andrea DWORKIN, a citizen of New York; Priscilla Moree, a Wyoming citizen, individually and in her representative capacity of the Jackson, Wyoming Chapter of the National Organization for Women; and Judith Fouts, a Wyoming citizen individually and in her representative capacity of the Wyoming Chapter of the National Organization for Women, Plaintiffs,

v.

L.F.P., INC., a California corporation, also sometimes designated as LFP, Inc.; L.F.P., Inc., a California corporation, d/b/a Larry Flynt Publications; Hustler Magazine, Inc., a California corporation; Larry Flynt, a citizen of California; the Conservatorship of Larry Flynt, L.A. Superior Court # P688238, Jimmy Flynt, Conservator; Althea Flynt; Flynt Subscription Company, Inc., a Nevada corporation; Island Distributing Company, Ltd., a B.W.I. company; LFZ, Ltd., a B.W.I. company; Flynt Distributing Company, Inc., a California corporation; Inland Empire Periodicals, an Oregon corporation; Park Place Market, Inc., a Wyoming corporation, Defendants.

No. C85–0471–B.

United States District Court,
D. Wyoming.

Nov. 18, 1986.

Elizabeth Greenwood, Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiffs.

George E. Powers, Godfrey & Sundahl, Cheyenne, Wyo., David O. Carson, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

BRIMMER, Chief Judge.

This matter came before the Court on the plaintiffs' Motion to Remand. The Court, having reviewed the pleadings and the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

The plaintiffs originally filed this suit in the Ninth Judicial District Court, sitting in Teton County, Wyoming, alleging violation of their Wyoming State Constitutional right to access to courts, along with the state torts of outrage, libel and conspiracy to discredit plaintiffs and their counsel as a result of the defendants' involvement with the publication and distribution of articles in four issues of *Hustler* magazine. All of

the defendants, except Park Place Market, Inc. the lone Wyoming defendant, petitioned for and were granted removal to the United States District Court of the District of Wyoming, alleging diversity jurisdiction. The plaintiffs contend that the case was improperly removed, and now ask the Court to remand the case to State court.

The facts of this case, as set out in the plaintiffs' complaint and the affidavits and exhibits submitted by both sides, are as follows:

In February, March and December of 1984, the defendants published and distributed issues of *Hustler* containing copy and pictures invoking the name of Andrea Dworkin, which commented about her, her values and beliefs. Ms. Dworkin subsequently retained an attorney, Gerry L. Spence, in February of 1985, and filed a suit in Wyoming State court alleging libel, and a variety of other torts plus violation of her rights under Wyoming law and the first and fourteenth amendments to the United States Constitution. Two Wyoming members of the National Organization for Women, Priscilla Moree and Judith Fouts, joined in Ms. Dworkin's suit based on the same allegedly libelous material, for interference with their Wyoming constitutional rights. The plaintiffs named as defendants Hustler Magazine, Inc., a California corporation, Larry Flynt, a California resident and editor and publisher of *Hustler*, Inland Empire Periodicals, an Oregon corporation and the regional distributor of *Hustler*, and, finally, Park Place Market, Inc., a Wyoming corporation which is a small convenience store that sells *Hustler* in Jackson, Wyoming.

In the July, 1985 issue of *Hustler*, which hit the newsstands in May of 1985, *Hustler* published an article which discussed both Mr. Spence and Ms. Dworkin, and referred to their involvement in the above-mentioned lawsuit. Ms. Dworkin subsequently filed a lawsuit on October 11, 1985, in Wyoming State court, pursuant to the claims listed above; Ms. Fouts and Ms. Moree joined in all but the claim for libel.

The plaintiffs have named eight defendants in addition to the four defendants also named in the first suit, all of whom are either directly involved with the publishing, editing and distribution of *Hustler*, or are legally and/or fiscally intertwined with those who publish, edit and distribute *Hustler*. Once again, Park Place Market is the sole Wyoming defendant.

In their petition for removal to federal court, the defendants alleged that diversity existed between the parties because all of the parties from Wyoming (namely Fouts, Moree and Park Place Market) had been fraudulently joined. Since all of the plaintiffs' claims arise under State law, there is no federal question. Consequently, federal jurisdiction can be justified only by diversity which, in turn, depends on whether the Wyoming defendant has been fraudulently joined.[1]

This Court has most recently considered this exact question in another suit arising out of the same article and concerning the same facts, in *Spence v. Flynt*, 647 F.Supp. 1266 (D.Wyo.1986). For the reasons stated in the order remanding the *Spence* case to State court, which are hereby incorporated by reference, in addition to those stated below, this Court finds that the defendant Park Place Market has not been fraudulently joined and remands this case to Wyoming state court, pursuant to 28 U.S.C. § 1447(c).

---

1. Removal jurisdiction based on diversity is more limited than "either removal jurisdiction over federal question cases, or jurisdiction over diversity cases originally brought in federal court." 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3723, at 308 (2d ed. 1985). The citizenship of the *defendant* determines diversity for removal purposes. If a defendant is a citizen of the state in which the plaintiff filed suit (in state court), it cannot remove to federal court, regardless of the plaintiff's citizenship. Removal jurisdiction based on diversity is allowed only where the defendant is not a citizen of the forum state. *See generally id.; Moore v. Bishop*, 520 F.Supp. 1187 (D.C.S.C. 1981); *Pack v. Rich Terminal Co.*, 502 F.Supp. 58 (S.D.Ohio 1980). Therefore, in considering this motion, the Court need only consider the claims concerning the defendant.

In *Spence*, the Court adhered to the following principles for considering a motion to remand:

1. The non-diverse defendant bears the burden of proof to establish its non-liability as a matter of law or fact by clear and convincing evidence;

2. The first amendment rights of distributors must be carefully protected;

3. To establish its non-liability in this libel action, Park Place Market must show that a high level employee lacked sufficient knowledge of the allegedly libelous publication so that he did not have a duty to investigate, and that special circumstances which would create such liability did not exist.[2]

The Court finds that here, as in *Spence*, very special and rare circumstances exist in regard to Park Place Market's knowledge of the allegedly libelous statements, and the defendants have failed to meet their burden of establishing Park Place Market's non-liability by clear and convincing evidence.

As the Court noted in *Spence*, this suit is but one in a series of four lawsuits in which *Hustler* magazine, Larry Flynt and many of the other defendants to this suit are the defendants, and in which Mr. Spence is the plaintiff or counsel for the plaintiff. This is the second suit in which Ms. Dworkin is the plaintiff; she is represented in both suits by Mr. Spence. All of the suits allege that *Hustler* magazine contained statements which libeled the plaintiffs and gave rise to various other torts. Three out of the four suits were filed in Mr. Spence's home county of Teton County, Wyoming, in Wyoming State Court, and named Park Place as a defendant.

At the time the issue in question appeared, the president of Park Place Market, Mark Lynch, had spent one year doing battle with Mr. Spence and Ms. Dworkin in a libel and civil rights and liberties suit

brought by Ms. Dworkin against *Hustler*, Park Place Market and others. As this Court noted in *Spence*, Mr. Lynch was very familiar with the ongoing battle between *Hustler* and Ms. Dworkin and knew that his continued distribution of the magazine without monitoring its contents made him vulnerable to the possibility of future legal responsibility for its content.

Park Place Market was selling the July, 1985 issue of *Hustler* at least as of May 22, 1985. Affidavit of Terence D. Reardon. On May 28, 1985, a private investigator for Mr. Spence notified an employee of Park Place that the July, 1985 issue contained an allegedly libelous article and requested that the market discontinue selling that issue. On May 30, 1985, this investigator spoke to the manager of Park Place and made the same request. The manager consulted with Mr. Lynch and removed the magazine from the store's shelves later that day. Affidavit of Truett Clearman.

The Court notes that the affidavits and testimony are in conflict in regard to whether the manager and Mr. Lynch knew of the Spence/Dworkin article prior to talking to the investigator. However, the Court further notes that it is the defendants' burden to prove by clear and convincing evidence that they are not liable. Park Place Market has not met this standard in establishing its lack of duty to investigate in light of the special circumstances herein. Jackson, Wyoming is a relatively small community in which news of Gerry Spence, one of its most famous citizens, and his adventures, travels fast. The dispute between Ms. Dworkin and *Hustler* was well-known to Mr. Lynch. This was simply not a case of an innocent magazine seller unwittingly disseminating allegedly libelous material. Rather, we have a distributor who possessed detailed knowledge of the ongoing bitter battle between *Hustler* and

---

**2.** For an explanation of these principles, see the Order for Remand in *Spence, supra.* See also, *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir.1964); *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242 (10th Cir.1956); *Lerman v. Flynt Distrib. Co., Inc.*, 745 F.2d 123 (2d Cir.1984);

*Dworkin v. Hustler*, 622 F.Supp. 781 (D.C.Wyo. 1985); *McBride v. Merrell Dow and Pharmaceuticals, Inc.*, 613 F.Supp. 1349 (D.C.D.C.1985); *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal. 1979).

Dworkin, and who, after receiving a complaint about the magazine, failed to investigate and continued to sell it. These facts do not establish that Park Place Market lacked scienter for libel. The Court finds that these constitute special circumstances and that Park Place Market has failed to show by clear and convincing evidence that it is not liable for the alleged injury to the plaintiffs. Therefore, the Court further finds that the defendant Park Place Market has not been fraudulently joined and that there is no diversity of citizenship. Consequently, this Court does not have jurisdiction over this case based on diversity of citizenship and it must hold that this case was removed improvidently and without jurisdiction in regard to the alleged diversity of citizenship. Therefore, it is

ORDERED that the plaintiffs' motion to remand to state court be, and the same hereby is, granted, and that this case is remanded to the District Court of Teton County, Wyoming, Ninth Judicial District.