Cora Jean HARRIS, Plaintiff,

v.

COMMONWEALTH NATIONAL LIFE INSURANCE COMPANY and Forrest Thomley, Defendants.

Civil Action No. 96–D–186–S.

United States District Court,
M.D. Alabama,
Southern Division.

April 30, 1996.

Frank M. Wilson, P. Leigh O'Dell, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, Lexa E. Dowling, Stephen T. Etheredge, Buntin, Etheredge & Dowling, Dothan, AL, for Cora Jean Harris.

Alan Carpenter Livingston, William Lovard Lee, IV, Lee & McInish, Dothan, AL, for Commonwealth National Life Insurance Company and Forrest Thomley.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the plaintiff's motion filed February 14, 1996, to remand the above-styled action to the Circuit Court of Houston County, Alabama, and to award attorney's fees and costs against the defendants. Also before the court is the plaintiff's motion filed February 9, 1996, to substitute Terry Thomley for Forrest Thomley as a party defendant in this action. The defendants filed a response in opposition to these motions on February 27, 1996. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that said motions are due to be granted and that the above-styled action is due to be remanded.

### STATEMENT OF FACTS

The plaintiff commenced this action against defendants Forrest Thomley and Commonwealth National Life Insurance Company ("Commonwealth") on March 2, 1995. In her complaint, the plaintiff alleges that Forrest Thomley, while acting as the agent of Commonwealth, represented to the plaintiff that the insurance policy in question was a valuable policy, providing necessary and beneficial coverage to her in the event she contracted cancer. She further alleges that the policy in question duplicates coverage and benefits afforded to her, as a result of her age, by Medicare and her Medicare supplement policy. She also contends that the policy sold to her by Commonwealth is not an approved Medicare supplement policy. As such, she makes a claim against both defendants for fraudulent misrepresentation and fraudulent suppression, and a claim against Commonwealth for negligently hiring, supervising, and training Forrest Thomley.

The plaintiff, Cora Jean Harris ("Ms. Harris"), is a resident of the state of Alabama. At the time the action was filed, Forrest Thomley was also a resident of the state of Alabama. Commonwealth is a corporation organized and existing under the laws of the state of Mississippi, with its principal place of business in Cleveland, Mississippi.

Forrest Thomley died on or about November 24, 1995. A suggestion of death was filed in the Circuit Court of Houston County on January 12, 1996. Defendant Commonwealth subsequently filed its notice of removal in the United States District Court for the Middle District of Alabama on February 5, 1996, predicating removal on diversity jurisdiction. Ms. Harris then moved the court on February 9, 1996, for an order substituting Terry Thomley, the administrator of the estate of Forrest Thomley, as a party defendant to this action in place of Forrest Thomley.

### DISCUSSION

#### A. Motion for Substitution and Motion to Remand

It is clear that, under Alabama law, an action at law filed against a tortfeasor prior to the death of the tortfeasor survives against the personal representative of the deceased tortfeasor. *See Ala.Code § 6–5–462.*[1] In this regard, the court finds that Ms.

---

1. § 6–5–462 of the *Code of Alabama* provides as follows:

In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the

Harris' claims based on fraud are actions at law within the meaning of § 6–5–462 because she has a full remedy at law. *See Goltsman v. American Life Ins. Co.,* 248 Ala. 151, 26 So.2d 596 (1946) (Fraud is never a distinctive ground of equity jurisdiction if a party has a full and adequate remedy at law.).

■ Before an action can be brought against a personal representative of a decedent, a plaintiff must move the court to substitute the personal representative for the decedent. Rule 25 of the *Federal Rules of Civil Procedure* provides that a party must file such a motion with the court within ninety days of the filing of a suggestion of death for the deceased defendant; otherwise, the action shall be dismissed against the deceased defendant. *See* Fed.R.Civ.P. 25.[2] Here, defendant Forrest Thomley filed a suggestion of death on January 12, 1996, and Ms. Harris filed her motion for substitution on February 9, 1996, well within the ninety-day limit of Rule 25. Thus, Ms. Harris has complied with the requirements of Rule 25.

■ Commonwealth removed this action solely on the basis of diversity jurisdiction. *See* Def.'s Notice of Removal at 2. For purposes of diversity jurisdiction, the personal representative of the estate of the deceased party retains the citizenship of the deceased party. 28 U.S.C. § 1332(c)(2). It is undisputed that Forrest Thomley was a resident of the state of Alabama at the time of his death. Consequently, Terry Thomley, the personal representative of the estate of Forrest Thomley, should be considered a citizen of the state of Alabama for purposes of determining diversity jurisdiction if the court

decides that the plaintiff's motion for substitution should be granted.

■ Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). All doubts must be resolved in favor of a remand to state court. *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala.1992). It is clear that removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Goff v. Michelin Tire Corp.,* 837 F.Supp. 1143, 1144 (M.D.Ala.1993). As such, it is evident that the substitution of Terry Thomley for Forrest Thomley would destroy diversity jurisdiction.

■ Furthermore, 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Because Ms. Harris has complied with the dictates of Rule 25 and also because the defendants do not raise any valid objection to the motion for substitution, the court finds that Ms. Harris' motion for substitution is due to be granted.[3] The court further finds that this case is due to be remanded because the substitution of Terry Thomley for Forrest Thomley as a party defendant destroys diversity jurisdiction.

## B. Motion for Attorney's Fees and Costs

■ In the Judicial Improvements and Access to Justice Act of 1988 ("JIAJA"),

---

personal representative of a deceased tortfeasor.

**2.** Rule 25 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

(a) Death

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial

district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.... Fed.R.Civ.P. 25.

**3.** The defendants simply argue that because diversity jurisdiction existed at the time of removal, diversity jurisdiction continues to exist; however, the defendants have failed to submit to the court any reason why the plaintiff's motion for substitution should not be granted other than the fact that the plaintiff's motion for substitution was filed subsequent to the notice of removal.

Congress greatly expanded the discretion afforded to federal district courts to award attorney's fees and costs pursuant to 28 U.S.C. §§ 1446 and 1447 where an action has been improperly removed to a federal court. Pub.L. 100–702. As a result of the JIAJA, the amended version of § 1447(c) provides in part that: "[a]n order remanding the case may require payment of just costs and any actual expenses, *including attorney fees,* incurred as a result of the removal." (Emphasis added).

Prior to the 1988 amendment, there was little question that a court could award costs pursuant to § 1447(c) when a defendant improvidently removed a case, even if the defendant did so in good faith. *Moore v. Bishop,* 520 F.Supp. 1187, 1188 (D.S.C.1981); *see also Gibson v. Tinkey,* 822 F.Supp. 347, 349 (S.D.W.Va.1993) (Costs may be awarded without a showing of bad faith when the basis of removal is contrary to well-settled authority.). However, pursuant to the amended version of § 1447(c), several district courts in the Eleventh Circuit have also recently awarded attorney's fees against a defendant because of an improper removal even though the defendant may have acted in good faith. *Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 637 (N.D.Ala.1995); *Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla. 1993); *Publix Supermarkets, Inc., v. United Food & Commercial Workers Int'l Union,* 900 F.Supp. 419, 421–22 (M.D.Fla.1995) (Even though the court recognized that the defendant may have acted in good faith, the court justified its holding because subject matter jurisdiction was "patently lacking.").

■ The plaintiff contends that diversity jurisdiction never existed in this action because the plaintiff's action against Forrest Thomley survived his death. However, the court is unaware, and the plaintiff has failed to provide, any case law supporting her assertion. Furthermore, it appears from the law of the state of Alabama that a party must substitute or join the personal representative of the decedent to the lawsuit before the personal representative can be considered a party defendant. *See* Ala.R.Civ.P. 17(a); *see also, Dennis v. Magic City Dodge, Inc.,* 524 So.2d 616 (Ala.1988). Thus, the court finds that jurisdiction existed at the time of removal because the case was removed within the time requirements of the removal statute and because diversity jurisdiction existed at the time of removal. As such, the court further finds that the plaintiff's request for attorney's fees and costs is due to be denied.

## CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that the plaintiffs' motion for substitution be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED and that the above-styled cause be and the same is hereby REMANDED to the Circuit Court of Houston County, Alabama.

The clerk is DIRECTED to take the appropriate steps to effectuate said remand.

It is further CONSIDERED and ORDERED that the plaintiff's motion for attorney's fees and costs be and the same is hereby DENIED.

DONE.