**Forrest R. MORGAN, and Charlotte A. Morgan, Plaintiffs,**

v.

**The ESTATE OF Bill COOK, and American Heritage Life Insurance, Co., Defendants.**

**No. CIV.A. 01–D–587–E.**

United States District Court, M.D. Alabama, Eastern Division.

Oct. 22, 2001.

John I. Cottle, III, Bowles & Cottle, Tallassee, AL, for Plaintiffs.

W. Michael Atchinson, Starnes & Atchison, Brian Alan Dodd, Starnes & Atchison, P. Andrew (Andy) Laird, Jr., Starnes & Atchison, Jennifer A. Mackin, Starnes & Atchison, John P. Scott, Jr., Starnes & Atchison, Rik S. Tozzi, Starnes & Atchison, Birmingham, AL, Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiffs' Motion To Remand, filed June 6, 2001. On June 22, Defendant American Heritage Life Insurance Co. ("American Heritage") filed an Opposition to said Motion, to which Plaintiffs Responded on June 28. On July 24, American Heritage filed a Motion For Permission To Respond To Plaintiffs' Rebuttal. Shortly thereafter, prior to a ruling on said Motion, a Response followed. The court finds that the Response adds nothing to the ongoing discussion and, as such, American Heritage's Motion For Permission to Respond is due to be denied as moot. Furthermore, after careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiffs' Motion To Remand is due to be granted.

## I. REMAND STANDARD AND FRAUDULENT JOINDER

It is well-settled that a defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). A federal district court may exercise jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity-every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996). However, as the Supreme Court has long recognized, diversity jurisdiction "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

Defendants bear a "heavy" burden in proving that the joinder of one of their own is fraudulent. *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997). In examining whether a joinder is fraudulent, the court "should resolve all questions of fact and controlling law in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (emphasis in original).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought the present matter in the Circuit Court of Macon County, Alabama, against American Heritage and the

Estate of Bill Cook, deceased. The action, filed on May 16, 2000, alleges breach of contract, equitable estoppel, fraud, and suppression surrounding the procurement and maintenance of an insurance policy. Specifically, they assert that Bill Cook, the sales agent for American Heritage, knowingly charged Plaintiffs for certain insurance benefits not specifically mentioned in the policy nor disclosed in the course of selling the policy. This caused the monthly payments to be higher than they should have been under the policy as represented. However, when Plaintiffs became aware that they had the right to activate the purportedly secret provision, American Heritage refused to provide any benefits, thereby leading to the present action.

It is undisputed that Bill Cook died over nine years before the action was brought. His estate had never been probated, though, so Plaintiffs asked the state court to appoint an administrator ad litem under Ala.Code § 43-2-250 (1975). For reasons unavailable in the record, no Administrator was ever appointed, thereby precluding service of process upon Cook's estate. On May 14, 2001, American Heritage, a Florida corporation, removed the matter to this court, alleging that the Alabama citizenship of Cook's estate should be disregarded for purposes of diversity.

## III.   DISCUSSION

When a suit is brought against a decedent's estate, the court considers the citizenship of the deceased party in determining whether complete diversity exists. *Harris v. Commonwealth Nat'l Life Ins. Co.*, 929 F.Supp. 393, 395 (M.D.Ala.1996). The obvious exception to this rule is when that estate has been fraudulently joined as a party to the action in question. As such, American Heritage asks the court to find that Cook's estate, a citizen of Alabama, should not be considered in the present diversity analysis. Its arguments are unavailing.

The first element of American Heritage's argument is a technical one: since Cook's estate has not yet been served, its citizenship should not be considered in the court's analysis. *See Mask v. Chrysler Corp.*, 825 F.Supp. 285, 289 (N.D.Ala.1993) ("Car Center, Inc. has not been 'properly joined and served.' Therefore it cannot defeat diversity jurisdiction."). Tempting though this conclusion may be, *Mask* and the cases upon which its conclusion relies, inferred an intent on the part of the plaintiffs not to proceed against the in-state defendant. *See, e.g., Alphonse v. Omni Hotels Mgm't Corp.*, 757 F.Supp. 722, 724 (E.D.La.1991) (distinguishing circumstances where plaintiff's failure to serve in-state defendants "indicates no intention of proceeding against" such parties, and those in which "the parties are simply not yet served"). In other words, the court will not find that a case involving an in-state defendant properly has been removed without evidence suggesting an intent to abandon the claims against said party.

The court need not determine the requisite threshold of sufficient evidence under this standard, for American Heritage has presented no evidence from which the court can infer an intention on the part of Plaintiffs to abandon the case against Cook's estate. Indeed the record indicates that Plaintiffs took the appropriate steps to serve the estate. They requested that the court appoint an administrator ad litem against whom the action could then proceed. Until such an Administrator was appointed, the estate could not properly be served. While the record provides the court with no basis to conclude why the state court failed in this regard, neither does it suggest any indolence on Plaintiffs' part.

American Heritage insists that the state court refused to do so either because there

was no claim or because the claim was time-barred. Under § 43–2–250 of the Code of Alabama, "it shall be the duty of the court to appoint an administrator ad litem" in any proceeding in which "the estate of a deceased person must be represented, and there is no executor or administrator of such estate" so long as sufficient basis is "made known to the court by the affidavit of any person interested therein." The record indicates that Plaintiffs complied with the procedural aspect of the statute, so any merit to American Heritage's argument must lie in the language as to whether the estate "must be represented."

■ The parties do not dispute that, were Cook still alive, he would be a proper defendant in the present action. According to the Complaint, Cook made material misrepresentations in the course of selling an insurance policy to Plaintiffs; Plaintiffs subsequently relied upon such misrepresentations to their detriment. American Heritage does not dispute that this establishes a prima facie case of fraud, *see* Ala.Code § 6–5–101 (1975), nor would its contention alter the court's analysis. So long as there is a mere possibility that a cause of action stands against a non-diverse defendant, remand is required. *Triggs,* 154 F.3d at 1287.

Nothing in Alabama case law or its statutory code suggests that the nine-year lapse since Cook's death serves to bar the present cause of action. The cause of action for fraud did not accrue until long after Cook's death, *see* Ala.Code § 6–2–3 (1975) ("the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting fraud"), therefore the court believes that Plaintiffs' fraud claim against Cook's estate was a "contingent claim" under *Edge-*

*hill Corp. v. Hutchens,* 282 Ala. 492, 213 So.2d 225, 228 (1968). As such, § 43–2–350 of the Alabama Probate Code would not have barred the present action even if an administrator had been appointed upon Cook's death.[1] However, since the undisputed record indicates that no administrator ever was appointed, the court believes that any relevant statute of limitations was tolled because of this fact. *See* Ala.Code § 6–2–9 (1975).

Whatever reason for the state court's failure to appoint an administrator to Cook's estate, the language of § 43–2–250 is mandatory, and Plaintiffs should not be prejudiced by this failure. *Cf. Loving v. Wilson,* 494 So.2d 68 (1984) (reversing lower court's dismissal on the grounds that its failure to appoint an administrator prejudiced the parties). Furthermore, without having been provided with any reason as to this delay, the court is reluctant to speculate. The viability of a claim against a decedent's estate which has lain dormant for a decade raises fundamental questions of Alabama probate law policy. Principles of federalism historically have precluded federal courts from addressing such issues in diversity cases. *See Escareno v. Carl Nolte Sohne GmbH & Co.,* 77 F.3d 407, 411 (11th Cir.1996) (holding that whether probate court erred in appointment of administrator is not within district court's ambit of review).

■ Finally, and perhaps most importantly, American Heritage did not remove the present matter until 363 days after having been served. The plain language of the removal statute requires defendants to file a notice of removal within 30 days of receipt of service. 28 U.S.C. § 1446(b). Of course this rule has an exception when "the initial pleading is not removable," in

---

1. Generally, all causes of action against an estate are "forever barred" if not filed against an estate within six months of the appoint-ment of an administrator. Ala.Code § 43–2–350(a) (1975).

which case the thirty day period is tolled until "it may first be ascertained that the case is one which is or has become removable." *Id.* Because American Heritage has the burden to prove federal jurisdiction, it also must demonstrate to the court when the thirty day period began to run. It has pointed to no facts in the month leading up to removal which, in any way, are distinguishable from those known to the parties during the previous eleven months in which the matter was pending. Since its theory is that Cook's estate should never have been joined, it should have known this upon being served insofar as his death was made known upon Plaintiffs' request for the appointment of an administrator. *See Naef v. Masonite Corp.*, 923 F.Supp. 1504, 1511 (S.D.Ala.1996) (observing that the burden is upon the defendant "to scrutinize the case and remove it in a timely fashion") (internal quotations omitted).

Nothing in the record suggests any point in time at which American Heritage might have been given a stronger basis for removal than those facts known to it at the time it was served. It removed two days prior to the absolute deadline under § 1446(b), seemingly recognizing that it was then or never. This attempt has proven futile. The court has found there to be no basis for the removal, and even if there were such a basis, it did not arise out of any facts occurring in the thirty-day period leading up to the time the case was removed. As such, the court finds that the present matter is due to be remanded.

## IV. ORDER

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' Motion To Remand be and the same is hereby GRANT-

ED, and that this action be and the same is hereby REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.