**PUBLIX SUPERMARKETS, INC., Plaintiff,**

v.

**UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO & CLC, a voluntary, unincorporated labor organization, and United Food & Commercial Workers Local 1625, an affiliated labor organization, and others, unnamed persons JOHN DOES, Defendants.**

No. 94–1891–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 17, 1995.

**420**

James Paul Hahn, Hahn, Breathitt, Watson & Miller, P.A., Lakeland, FL, John-Edward Alley, Alley & Alley, Chartered, Tampa, FL, for plaintiff.

Howard S. Susskind, Sugarman & Susskind, P.A., Miami, FL, for defendants.

## *ORDER OF REMAND*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand this cause (Dkt. 12), filed December 27, 1994, and response thereto (Dkt. 17), filed January 12, 1995.

The Complaint (Dkt. 2) in this cause was filed in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. The cause was removed to this Court by Defendants (Dkts. 1, 7). Defendants predicate removal jurisdiction on 28 U.S.C. § 1441, § 1446.

## *BACKGROUND INFORMATION*

Plaintiff is a Florida corporation engaged in the retail sale of consumer goods through its approximately 425 stores. Plaintiff alleges that Defendant United Food and Commercial Workers Local 1625, acting as an agent for Defendant United Food and Commercial Workers International Union, AFL–CIO, CLC, engaged in trespassing at over 250 of Plaintiff's stores. Plaintiff also alleges that Defendants have conspired to commit additional trespasses in the future "for the purpose of disrupting, interrupting and harming Plaintiff's business and property and to deny Plaintiff free use of its property."

Plaintiff seeks an injunction enjoining Defendants and their non-employee union agents from entering Plaintiff's retail stores in Florida. In the Motion to Remand, Plaintiff asserts that the Court has no subject matter jurisdiction over this action, and that remand is required. Plaintiff has also requested that the Court enter an award of attorney's fees for the expenses necessitated by Defendant's improper removal of the instant action to this Court.

## *DISCUSSION*

### I. PLAINTIFF'S MOTION FOR REMAND

■ Defendant argues that the Court has subject matter jurisdiction under 28 U.S.C. § 1441, § 1446 pursuant to Subsection 301(b) of the Labor–Management Relations Act (codified at 29 U.S.C. § 185(b)). Subsection 301 states, in part:

(a) Suits for violation of *contracts* between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Any labor organization which represents employees in an industry affecting commerce ... and any employer whose activities affect commerce ... shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States....

29 U.S.C. § 185 (emphasis added).

■ Subsection 301(b) must be read within the context of the entire subsection. Any other reading is without authority. It is clearly established that a suit engendering § 301 "must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." *Wooddell v. International Brotherhood of Electrical Workers, Local 71, et al.,* 502 U.S. 93, 98, 112 S.Ct. 494, 498, 116 L.Ed.2d 419. There is no employer-union contract or agreement of any kind involved here.

Section 301 does not, as Defendant argues, preempt every suit involving unions or unionized employees or strip state courts of their standard jurisdiction. *Tisdale v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 704,* 25 F.3d 1308, 1310 (6th Cir.1994). In *Tisdale,* the United States Court of Appeals for the Sixth Circuit recalled that "[f]ederal law has monopolized certain aspects of labor relations, but where a suit does not center on the terms of a labor contract . . . it is not preempted because it is not within the area of labor relations which Congress has nationalized . . ." A suit bearing no association to a collective bargaining contract is not preempted by § 301.

Further, federal preemption does not alter the procedural rules which govern removal:

> [T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount polices embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But, a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398–99, 107 S.Ct. 2425, 2432–33, 96 L.Ed.2d 318 (1987).

In this case, Plaintiff's Complaint raises a claim for trespass under § 810.08, Fla.Stat., and seeks an injunction to prevent future trespasses. Applying the Supreme Court's reasoning in *Caterpillar,* the Court finds that Plaintiff's state law claim may not be removed because it emanates from a separate body of state substantive rights, and the claim does not raise any legal cause that has been preempted under federal labor law.

The Court finds that Subsection 301(b) of the Labor–Management Relations Act has no application in this case. Further, even if this case could somehow be construed to fall within the purview of § 301, the case would still not be removable to this Court for the reasons discussed in *Caterpillar.* The Court lacks subject matter jurisdiction. The Notice of Removal is defective and remand is proper.

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The Motion for Attorney's Fees is regulated by 28 U.S.C. § 1447(c), as amended in 1988, which provides that:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal. . . .

The award of attorney's fees and costs under this section is completely discretionary with the trial court. *IMCO USA, Inc. v. Title Insurance Company of Minnesota,* 729 F.Supp. 1322 (M.D.Fla.1990).

Prior to the amendment of § 1447(c) in 1988, a showing of bad faith was required before attorney's fees would be awarded under this section since attorney's fees were not expressly provided for under the statute. *Schmidt v. National Organization for Women,* 562 F.Supp. 210 (N.D.Fla.1983). In addition, the former § 1447(c) required a finding that the Notice of Removal was improvidently filed before costs could be awarded. *Id.* The 1988 amendment to this statute, however, expressly provided for the award of attorney's fees and eliminated the requirement

that a Notice of Removal be improvidently filed before costs could be awarded. In *Liebig v. DeJoy,* 814 F.Supp. 1074 (M.D.Fla. 1993), this Court adopted the standard applied by two Circuit Courts that a showing of bad faith is no longer necessary as a predicate to the award of attorney's fees, since the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals. *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir. 1992); *Morgan Guaranty Trust Company of New York v. Republic of Palau,* 971 F.2d 917 (2d Cir.1992).

██ Although Defendant may have acted in good faith in filing the Notice of Removal, the Court has already determined that removal was improper because federal subject matter jurisdiction is patently lacking. Therefore, as a matter of fairness, Plaintiff is entitled to recover from the Defendants the actual amount of the expenses incurred as a result of the improper removal of this action, including attorney's fees, subject to the approval of such award by this Court. Accordingly, it is

**ORDERED** that the Order of December 2, 1994 (Dkt. 7) be vacated; Plaintiff's Motion to Remand is **GRANTED;** and the Clerk of the Court for the Middle District of Florida is directed to transfer this case to the Circuit Court in and for Polk County, Florida. Plaintiff's Motion for Attorney's Fees is **GRANTED,** and Plaintiff shall have ten (10) days from this date to submit to this Court a Bill of Costs and Attorney's Fees, indicating the actual expenses and attorney's fees incurred by the Plaintiff with respect to resisting the improper removal of this action. Defendant shall have five (5) days to respond to the request.

**DONE and ORDERED.**