**Roger Hugh BEDFORD, Jr., Plaintiff,**

v.

**CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, et al., Defendants.**

**Civil Action No. 96–D–81–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 13, 1996.

Jere L. Beasley, Wilson D. Miles, III, Montgomery, AL, for plaintiff.

Charles D. Stewart, Howard K. Glick, Birmingham, AL, for Connecticut Mutual.

Jerry D. Hillman, Vernon L. Wells, II, Birmingham, AL, for James R. McCown and W. Russell McCown.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the plaintiff's motion filed January 18, 1996, to remand the above-styled action to the Circuit Court of Montgomery County, Alabama, and to award the plaintiff attorney's fees and costs. Also before the court is the plaintiff's motion filed January 18, 1996, to strike the affidavit of James McCown. On February 8, 1996, the defendants responded in opposition to the plaintiff's motions. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that the plaintiff's motion to remand is due to be granted but that the plaintiff's motions to strike and for attorney's fees and costs are due to be denied.

## STATEMENT OF FACTS

The plaintiff, Roger H. Bedford, Jr., alleges various claims including fraud, fraudulent suppression, negligent supervision and wanton supervision. Three of these claims involve the actions or inaction of defendants James R. McCown and W. Russell McCown, employees of defendant Connecticut Mutual Life Insurance Company.

Specifically, the plaintiff contends that around June, 1992, the McCowns, while acting as agents of Connecticut Mutual Life Insurance Company, fraudulently represented to him that the insurance policy in question, Policy No. 4844307, issued on or about January 20, 1989, would be paid-in-full in six years from the time of purchase. He also contends that the McCowns had a duty to disclose that the disputed policy would not be paid-in-full in six years and would require premium payments for the life of the policy. Furthermore, he asserts that the McCowns acted innocently, recklessly, negligently or wantonly in making the aforementioned misrepresentations and/or concealing the material facts relating to the terms of the insurance policy.

The McCowns are the only defendants who are citizens of the state of Alabama. As such, the parties agree that their presence as party defendants destroys the diversity jurisdiction that the court would otherwise have over the above-styled action. The defendants request the court to disregard the McCowns as party defendants and exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The defendants argue that the McCowns should be disregarded for the purpose of determining diversity jurisdiction because they were fraudulently joined as party defendants for the sole purpose of destroying diversity jurisdiction.

## DISCUSSION

■ This action was removed by the defendants from the Circuit Court of Montgomery County on the basis of diversity jurisdiction.[1] Defs.' Notice of Removal at 2. A district court has original jurisdiction over all cases where citizens of different states are involved and the amount in controversy exceeds $50,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978).

■ Any party who urges federal jurisdiction on a federal court bears the burden of showing that the jurisdiction exists. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)). More importantly here, the defendants bear the burden of proving fraudulent joinder. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983). "The burden on the defendant[s] is high; its presentation must be one that 'compels the conclusion that the joinder is without right and made in bad faith....'" *Frontier Airlines, Inc. v. United Air Lines,*

*Inc.*, 758 F.Supp. 1399, 1404 (D.Colo.1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914)); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921) ("[Defendant's] showing must consist of a statement of facts rightly leading to the conclusion [that joinder is fraudulent] apart from the pleader's conclusions.").

### A. *Motion to Strike*

■ The plaintiff contends that the court should strike and, therefore, not consider the affidavit of James McCown in determining whether the McCowns were fraudulently joined. However, it is a well established principle that a defendant seeking removal is entitled to present facts to show fraudulent joinder. In fact, "[w]hen a removing defendant claims that a non-diverse defendant has been fraudulently joined to preclude federal subject matter jurisdiction, the parties may submit, and the court may consider, [both] affidavits and deposition excerpts in support of and in opposition to a motion to remand." *Howard Griggs Trucking, Inc. v. American Central Ins. Co.*, 894 F.Supp. 1503, 1508 n. 10 (M.D.Ala.1995) (De Ment, J.); *see also Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal."); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (In addressing the issue of fraudulent joinder, the district court can consider any submitted affidavits and/or deposition transcripts.); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983) ("Both parties may submit affidavits and deposition transcripts."); *Lott v. Metropolitan Life Ins. Co.*, 849 F.Supp. 1451, 1452 (M.D.Ala.1993) ("A defendant may submit affidavits, depositions, or other evidence to support removal."); *Lane v. Champion Intern. Corp.*, 827 F.Supp. 701, 706 (S.D.Ala.

---

1. Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...." 28 U.S.C. § 1441(a). Section 1441(b) further states that a case shall be removable based on diversity "... only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

1993) ("Both parties may submit affidavits and/or deposition transcripts on a motion to remand."). Based on the foregoing, the court finds that the plaintiff's motion to strike is due to be denied.

### B. *Fraudulent Joinder*

■ The court cannot exercise diversity jurisdiction unless it disregards the citizenship of the McCowns for purposes of determining diversity jurisdiction. As noted above, the defendants argue that the McCowns were fraudulently joined for the purpose of destroying diversity jurisdiction and should be disregarded as party defendants. The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the forum state, joins a resident citizen defendant with a nonresident citizen defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). In *Parks*, the court gave the following guidance in defining fraudulent joinder:

The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous. And a joinder is fraudulent if the facts asserted with respect to the rest of the defendants are shown to be so clearly false as to demonstrate that no factual basis existed

for any honest belief on the part of the plaintiff that there was joint liability.

*Id.* at 477. The court went on to hold that:

[t]here can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming.

*Id.* at 478.

■ When determining whether a defendant was fraudulently joined, the court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983) (citing *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968)).[2] If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *Coker*, 709 F.2d at 1440 (citing *Parks*, 308 F.2d at 477–78) (emphasis added). As stated earlier, "[t]he removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta*, 883 F.2d at 1561 (citing *Coker*, 709 F.2d at 1440).

The plaintiff makes three separate claims against the McCowns: fraudulent misrepresentation under Ala.Code § 6–5–101,[3] fraudulent suppression under Ala.Code § 6–5–102,[4] and fraudulent deceit under Ala.Code § 6–5–103.[5] The defendants assert that it is legally

---

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

**3.** The complaint alleges that "Defendants James R. McCown and W. Russell McCown represented to the Plaintiff that the policies he had previously purchased would, in fact, be paid up in six years from the date of purchase." Pl.'s Compl. at ¶ 20.

**4.** The complaint alleges that "Defendants Connecticut Mutual, Holder, McCown and McCown, fraudulently failed to disclose to Plaintiff that the

policy of insurance the Plaintiff purchased would not be paid up in six years, and would require premium payments for the life of the policy." Pl.'s Compl. at ¶ 25.

**5.** The complaint alleges that "Defendants Holder, Connecticut Mutual, McCown and McCown, innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the terms of the insurance policy." Pl.'s Compl. at ¶ 29.

impossible for the plaintiff to prevail against the McCowns under Alabama law on his claims alleging fraudulent misrepresentation of a material fact, fraudulent suppression of a material fact and fraudulent deceit. If it is possible for the plaintiff to state a cause of action under any one of these theories, then the defendants cannot prove that the McCowns were fraudulently joined. The court will only address the fraudulent suppression claim, as it is dispositive of the remand issue.

■ The Alabama Code provides that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ala.Code § 6–5–102 (1993).[6] As stated above, under § 6–5–102, a duty to communicate may arise through either a confidential relationship or from the particular circumstances of the case. Application of the "particular circumstances" test

> requires a case-by-case consideration of several factors. "A duty to speak depends upon the relation of the parties, the value [materiality] of the particular fact, the relative knowledge of the parties, and other circumstances. Thus, each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible, and indeed, the words of the statute itself counsel flexibility."

*Trio Broadcasters, Inc. v. Ward*, 495 So.2d 621, 624 (Ala.1986) (citations omitted). The determination of whether a duty to disclose exists under § 6–5–102 generally is an issue for the jury. *Oxford Furn. Co. v. Drexel Heritage Furnishings, Inc.*, 984 F.2d 1118, 1124 (11th Cir.1993) (citation omitted).

■ The defendants contend that the McCowns never had knowledge of the information allegedly conveyed to or suppressed from the plaintiff. In support of their position, the defendants contend that the McCowns never had any information, projections or illustrations pertaining to when the plaintiff's whole life policy would be paid-in-full or pertaining to when the premium would "vanish" on the whole life policy. Also, they argue that the McCowns did not sell the disputed whole life policy to the plaintiff, but merely discussed with him his term policy. Aff. of James McCown.

However, the court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker*, 709 F.2d at 1440. In the complaint, the plaintiff alleges that the McCowns failed to tell him that his policy would not be paid-in-full in six years, and in fact, they told him that the policy he had previously purchased would be paid-in-full in six years from the date of purchase. Hence, it is clear to the court that the plaintiff has stated a cause of action for fraudulent suppression.

Moreover, the affidavit of James McCown defeats the fraudulent joinder claim by creating an issue of fact. James McCown does not deny that he and Russell McCown met with the plaintiff in 1992 and 1993. He does deny that they discussed the disputed whole life policy, and in fact, the McCowns deny knowledge of any representations made by others about the whole life policy. However, the plaintiff asserts in paragraph 11 of his complaint that such a discussion about the whole life policy took place. Thus, the defendants ask the court to determine as a matter of law that, even though the plaintiff asserts otherwise, the McCowns never knew of the information allegedly conveyed to or suppressed from the plaintiff concerning whole life insurance and thus did not have a duty to disclose information about the disputed policy. In light of the strong inference favoring the plaintiff's version of the facts, the court cannot and will not interpret disputed facts in favor of the defendant. As such, the court presumes that a discussion between the

---

6. To succeed on a fraudulent suppression claim, the plaintiff must show: "(1) that the defendant suppressed a material fact, (2) that the defendant had a duty to communicate that material fact, either because of a confidential relationship between the parties, or because of the particular circumstances of the case, and (3) that the plaintiff suffered actual injury as a result of the suppression." *Boswell v. Liberty Nat. Life Ins. Co.*, 643 So.2d 580, 581 (Ala.1994) (citations omitted).

McCowns and the plaintiff did take place as alleged by the plaintiff, and thus, the McCowns did have knowledge of the alleged representations concerning the disputed whole life policy.

■ As noted above, the "particular circumstances" language requires a case-by-case consideration of the particular facts involved in the action. Furthermore, the test to determine whether a duty of disclosure exists requires a flexible, not a rigid approach. With these principles in mind, the court finds that the facts alleged reveal a relationship between the plaintiff and the McCowns sufficient to raise an issue of fact as to whether a duty to disclose existed based upon "... the relation of the parties, the value of the particular fact suppressed, the relative knowledge of the parties, and other circumstances," especially given that this determination is generally a question of fact for the jury to decide. *Oxford Furn. Co.*, 984 F.2d at 1124. In other words, a colorable basis exists that the McCowns' silence, as to the fact that the policy of insurance that the plaintiff purchased would not be paid up in six years and would require premium payments for the life of the policy, damaged the plaintiff. *See* Pl.'s Compl. at ¶ 23. In fact, there is little doubt that the plaintiff would have cancelled the disputed policy had this fact been conveyed. Accordingly, the court finds that there is a possibility that a state court would find that the plaintiff's complaint states a cause of action for fraudulent suppression against the McCowns. Hence, the court finds the defendants' fraudulent joinder argument unpersuasive.

## C. *Attorney's Fees and Costs*

■ In their motion to remand, the plaintiff requests the court to award him attorney's fees and costs because the plaintiff clearly states a claim for fraud against the McCowns and, as such, the case was improvidently removed to federal court. In the Judicial Improvements and Access to Justice Act of 1988 ("JIAJA"), Congress greatly expanded the discretion afforded to federal district courts to award costs and attorney's fees pursuant to 28 U.S.C. §§ 1446 and 1447

where an action has been improperly removed to a federal court. *See* Pub.L. 100–702. As a result of the JIAJA, the amended version of § 1447(c) provides in part that: "An order remanding the case may require payment of just costs and any actual expenses, *including attorney fees,* incurred as a result of the removal." (emphasis added).

There is little question that a court could award costs pursuant to § 1447(c) before the 1988 amendment in a case where, similar to the instant case, a defendant attempted to remove an action based on diversity jurisdiction even though one of the defendants resided in the forum state. *Moore v. Bishop,* 520 F.Supp. 1187, 1188 (D.S.C.1981); *see also Gibson v. Tinkey,* 822 F.Supp. 347, 349 (S.D.W.Va.1993) (costs may be awarded without showing of bad faith when basis of removal is contrary to well-settled authority). Prior to the 1988 amendment to § 1447(c), however, most courts did not include an award of attorney's fees for such an improper removal without a showing of bad faith because the statute did not mention attorney's fees as an available remedy to an improper removal. *Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 630 (N.D.Ala.1995) (citing *Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir.1981); *Bucary v. Rothrock,* 883 F.2d 447, 450 (6th Cir.1989)). Subsequent to the amendment, though, courts have interpreted § 1447(c) to allow broad discretion to a district court when determining whether to award attorney's fees. *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 325 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994); *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993); *Moore v. Permanente Medical Group Inc.,* 981 F.2d 443, 447 (9th Cir.1992). In fact, pursuant to the amended version of § 1447(c), several district courts in the Eleventh Circuit have recently awarded attorney's fees against a defendant because of an improper removal even though the defendant might have acted in good faith. *Gray,* 906 F.Supp. at 636; *Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla.1993); *Publix Supermarkets, Inc., v. United Food & Commercial Workers International Union,* 900 F.Supp. 419, 421 (M.D.Fla.1995) (Even though the court recognized that the defen-

dant might have acted in good faith, the court justified its holding because subject matter jurisdiction was "patently lacking.").

In this action, the court finds that removal jurisdiction was not "patently lacking" because the issue of whether diversity jurisdiction exists in this case is far from a simple determination. The court believes that each of defendants' arguments were reasonable based on the information available to them at the time the case was removed. *Griggs Trucking,* 894 F.Supp. at 1510. Thus the court finds that plaintiff's request for attorney's fees and costs is due to be denied.

## CONCLUSION

Based on the foregoing analysis, it is CONSIDERED and ORDERED that the plaintiff's motion to strike be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED and that the above-styled cause be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

It is further CONSIDERED and ORDERED that the plaintiff's motion for attorney's fees and costs be and the same is hereby DENIED.

The clerk is DIRECTED to take the appropriate steps to effectuate said remand.