**Ella Mae WRIGHT, Lottie A. Rhymes, Melissa Y. Rhymes, and Sharon D. Rhymes, Plaintiffs,**

v.

**AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO., et al., Defendants.**

**No. CIV. A. 00–A–1439–N.**

United States District Court, M.D. Alabama, Northern Division.

Jan. 12, 2001.

Jimmy S. Calton, Calton & Calton, Eufaula, AL, K. Stephen Jackson, Perry G. Shuttlesworth, Jr., Jeffrey S. Daniel, Jackson & Shuttleworth PC, Birmingham, AL, for Ella Mae Wright, Lottie A. Rhymes, Melissa Y. Rhymes, Sharon D. Rhymes.

Lee E. Bains, Jr., N. Lee Cooper, Michael D. Mulvaney, Thomas J. Butler, Maynard, Cooper & Gale, P.C., for American General Life and Accident Insurance Company.

Robert S.W. Given, James E. Fleenor, Jr., Burr & Foreman, Birmingham, AL, for Robert Condrey and Homer C. Haywood, Jr.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on Motions to Dismiss filed by Homer C. Haywood on October 20, 2000 (Doc. # 4) and filed by Defendant Robert Condrey on October 20, 2000 (Doc. # 6), a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, filed by American General Life and Accident Insurance Company ("American General") on October 20, 2000 (Doc. # 8), a Motion to Remand filed by the Plaintiffs on November 13, 2000 (Doc. # 9), a Motion by American General to Defer Ruling on Plaintiffs' Remand Motion Pending Discovery on Jurisdictional Issues filed on November 16, 2000 (Doc. # 11), a Motion for Extension of Time (Doc. # 13), a Motion by American General filed on December 4, 2000 to Stay Consideration of Plaintiffs' Motion to Remand (Doc. # 19), a Supplemental Motion in Response to Defendant's Notice of Additional Authority in Support of Defendant's Motion to Defer Ruling (Doc. # 24), a Motion by the Plaintiffs for Leave to Submit a Reply Brief (Doc. # 29), a Motion by American General to Supplement the Record with Significant Development in Litigation (Doc. # 30) [1], and a Motion by the Plaintiffs to Strike the Motion to Supplement the Record with Significant Development in Litigation (Doc. # 31).

The Plaintiffs originally filed their Complaint in the Circuit Court of Barbour County, Alabama. In their Complaint, the Plaintiffs bring claims against American General, Robert Condrey, and Homer C. Haywood for Unjust Enrichment (Count One), Money Had and Received (Count II), Deceit and Fraudulent Deceit (Count III), Fraud (Count IV), Suppression of Material Facts (Count V), Fraudulent Concealment (Count VI), Continuing Misrepresentations, Suppressions (Count VII), Conversion (Count VIII), Outrage (Count IX), Breach of Fiduciary Duty (Count X), and violation of Alabama Code § 27–12–11 (Count XI).

American General filed a Notice of Removal in this court in this case, and in several other companion cases, stating that

---

1. The court has considered this submission, which is a report by American General that Plaintiffs' counsel has dismissed without prejudice similar cases removed to a different federal district court. This court is unable to draw any legal conclusions from such an event which have any bearing on whether there is a possibility that a state court can find that the Plaintiffs can establish a claim in state court.

the court has diversity jurisdiction because the resident defendants have been fraudulently joined. American General and the individual defendants have asked that the claims against them be dismissed. American General also asks that this court allow American General to conduct discovery on jurisdictional issues, and that this court wait to rule on the Motion to Remand until a case pending in the Eleventh Circuit Court of Appeals is decided.

The Plaintiffs, of course, contest that the individual defendants have been fraudulently joined and contend that neither jurisdictional discovery, nor the case pending in the Eleventh Circuit, is necessary to evaluate the Motion to Remand.

## II. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. *FACTS*

The facts, as they pertain to the Motion to Remand, are as follows:

The Plaintiffs have alleged in their Complaint that American General sold industrial life insurance policies to the Plaintiffs. An industrial life insurance policy is defined by the Plaintiffs as being a life insur-

ance product which has a low face value and premium payments which are typically collected on a weekly or monthly basis.

According to the Plaintiffs, American General and its agents targeted minority and low income persons for the sale of industrial life insurance policies and charged African–Americans more for those policies than it charged similarly-situated white persons. The Plaintiffs further allege that the Defendants continue to charge the Plaintiffs higher premiums based solely on the Plaintiffs' race and have concealed this fact. The Plaintiffs also allege that the Defendants represented that the premium rate was based on considerations other than the Plaintiffs' race.

## IV. *DISCUSSION*

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ Because of the complete diversity requirement, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff. The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder." Courts

may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979)[2]; *see also Thomas v. Jim Walter Homes, Inc.*, 918 F.Supp. 1498 (M.D.Ala.1996).

■ The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir.1998). If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 407 (M.D.Ala. 1995).

■■ The burden of proving fraudulent joinder rests with American General as the removing party. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *see also Bolling*, 900 F.Supp. at 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff...." *Id.*

American General has advanced many different arguments as to why the individual defendants in this case have been fraudulently joined. American General asserts that the Plaintiffs' claims against the individual defendants are barred by the relevant statutes of limitations, that they are barred by the rule of repose, and that there is no basis for any claim against any of the individual defendants.

■ The first issue the court will address is the application of the statute of limitations to Plaintiffs' claims. As stated earlier, this court must only determine whether there is a possibility that a state court could find that the Plaintiffs have established a claim against a resident defendant. The court will, therefore, begin with the fraud claim since Alabama law provides that "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." *Ala.Code* § 6-2-3 (1993). In *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 417, 421–422 (Ala.1997), the Alabama Supreme Court reaffirmed that the two-year limitations period for fraud claims begins when the alleged victim discovered or should have discovered the fraud under a "reasonable reliance" standard.

In this case, while American General contends that documents containing the

---

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

premium information were in the possession of the Plaintiffs, the Plaintiffs have alleged that no information provided to them disclosed that premiums were higher for African Americans than for similarly situated white persons. Resolving all questions of fact in favor of the Plaintiff, this court cannot conclude that there is no possibility the Plaintiff could establish a cause of action against the resident defendant in state court based on the statute of limitations.

■ American General also argues that all of the Plaintiffs' claims are barred by the rule of repose. The rule of repose is a rule whereby, as a matter of public policy, claims are barred if they are not commenced within twenty years from the time that they could have been asserted. *Boshell v. Keith*, 418 So.2d 89, 92 (Ala. 1982). American General points out that the Plaintiffs' own theory is that American General has been engaged in discriminatory practices for more than twenty years.

The Plaintiffs respond that their claims cannot be barred by the rule of repose because the Plaintiffs were not made aware of American General's discriminatory practices until very recently. To this argument, American General argues, relying on language in Alabama Supreme Court and Eleventh Circuit decisions, that the only element of the rule of repose is time, and that it is not effected by the circumstances of the situation. *See id.* at 91.

■ The question before this court is not whether the rule of repose bars the Plaintiffs' claims, but whether there is any possibility that a state court would find that the Plaintiffs have stated a claim which is not barred by the rule of repose. In answering this question, this court must bear in mind that all disputed issues of fact and law must be evaluated in favor of the Plaintiff. *Crowe*, 113 F.3d at 1539. As the Eleventh Circuit explained in *Crowe*, if there is a conflict in the state substantive law, in evaluating the Plaintiffs' claims under fraudulent joinder analysis, "any ambiguity or doubt about the substantive state law favors remand to state court." *Id.*

The Alabama Supreme Court has not clearly spoken in this area. First, as the Eleventh Circuit has recently noted, the Alabama Supreme Court has not made it clear even if the rule of repose applies in tort actions. *See Spain v. Brown & Williamson*, 230 F.3d 1300 (11th Cir.2000). In addition, as earlier stated, there is language in Alabama Supreme Court opinions which supports the proposition that there are no exceptions to the rule of repose. There is, however, also language to the contrary. In *Oehmig v. Johnson*, 638 So.2d 846, 850 (Ala.1994), the court stated, "The time for the rule of repose cannot run until there is at least constructive notice of a potential claim." Based upon this statement, a judge in this district concluded that the rule of repose did not bar a claim where there was no constructive notice of that claim. *See Murray v. Sevier*, 993 F.Supp. 1394 (M.D.Ala. 1997). In addition, the Eleventh Circuit has stated that whether or not the rule of repose would operate to bar a plaintiff's claims is a question for the Alabama Supreme Court to decide. *Spain*, 230 F.3d at 1307. As this court must resolve all questions of law in favor of the Plaintiffs in deciding whether there has been fraudulent joinder, the court cannot conclude, given the conflict in the law on whether there are exceptions to the rule of repose, and given that the Eleventh Circuit case relied on by American General [3] acknowl-

---

**3.** American General also relies on a decision from another district court wherein the rule of repose was applied to bar state law, al-

though not federal, claims, which case is now on appeal to the Eleventh Circuit, and asks

edges that application of the rule of repose presents questions which must be answered by the Alabama Supreme Court, this court concludes that American General's reliance on the rule of repose does not establish fraudulent joinder in this case.

American General further asserts that the Plaintiffs' allegations are not sufficiently pled[4] as against the individual defendants and that there is no claim which can be asserted against the individual defendants under the facts as alleged.

■ Since the Plaintiffs' fraudulent suppression claims arguably are not barred by the rule of repose or statute of limitations, the court will focus on those claims. The Plaintiffs have alleged that the Defendants have continued to engage in fraud to the present time by concealing from the Plaintiff that premiums were based on race. Although American General has contended that the Plaintiffs' claims are not specifically enough pled, if there are sufficient facts pled for this court to determine that there is a possibility that a claim for fraudulent suppression can be stated under Alabama law, then there is no fraudulent joinder. "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard." *Parks,* 308 F.2d at 478.

The question before this court, therefore, is whether there is a possibility that a state court could find that a claim for fraudulent suppression could be established where the Plaintiffs allege that an insurance agent failed to disclose that premiums being paid by similarly-situated white persons were lower than premiums paid by the Plaintiffs, who are African–Americans.

American General, of course, argues that there is no possibility that such a claim could be established. American General argues that there is no duty to disclose on the part of the insurance agent and that, even if there is a duty, the information was disclosed. American General points to *State Farm Fire and Casualty Company v. Owen,* 729 So.2d 834 (Ala. 1998), for the proposition that there is no duty to disclose in this case. American General cites some language from that opinion wherein the court opined that it did not want to impose a rule that an insurer must fully explain internal rate making procedures. The actual holding of *Owen,* however, is that the court concluded that "the evidence presented in this case would not support a finding of any special circumstances justifying the imposition of a duty to disclose." *Id.* at 834. In so holding, the court pointed out that the plaintiff in that case was an educated woman and that "most important," the insurance policy language was clear, and should have cleared up any confusion on the part of the plaintiff. *Id.*

---

this court to stay its ruling in this case pending the outcome of that appeal. This court finds, however, that, since the question on appeal is whether the rule of repose operates to bar federal claims, in light of the *Spain* decision making it clear that the application of the rule of repose to state law claims is a question of state law, it appears that the case pending on appeal would not be dispositive in this case. Accordingly, the Motion to Stay is due to be DENIED.

4. In a footnote, American General argues that because the Plaintiffs' allegations are like the allegations in a federal claim asserted in another case, the case is removable under the artful pleading doctrine. The court does not find, however, that merely because a federal claim might have been brought, there is a federal question because resolution of the state law claims will not require application of federal law. *See Hill v. Marston,* 13 F.3d 1548 (11th Cir.1994).

 The court cannot conclude that the *Owen* case, or any other Alabama Supreme Court case cited by American General, forecloses all possibility that a state court could find that special circumstances were created under which the agent owed a duty of disclosure to a plaintiff as to some aspect of the rates of insurance. In the context of fraudulent joinder analysis, this court is not called upon to predict how the Alabama Supreme Court would rule on this issue, but is instead only to determine whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. *Crowe*, 113 F.3d at 1540. On the facts presented in this case, the court must conclude that, since the Alabama Supreme Court did not completely foreclose the possibility that circumstances may exist whereby a duty to disclose an aspect of rate making may exist, and since the Plaintiffs have alleged that the purported disparity between rates for white and black policy holders was not disclosed in any policy documents, there is at least a possibility that state law might impose liability on the facts involved.

American General next argues that there can be no claim for fraudulent suppression because the policy itself revealed that the premiums could exceed the face amount of the policy. Such an argument does not, however, address the contention that the agent failed to disclose the disparity in rates between white and black policy holders.

American General and the individual defendants also argue that there is no basis from which to conclude that any resident agent had knowledge of the fact suppressed. American General attached affidavits of Robert Condrey and Homer Haywood to its Notice of Removal wherein these two agents, who are Alabama residents, deny that they had any knowledge of the facts allegedly suppressed. Both affidavits state

> I have no knowledge of the premium structure of the insurance policies alleged in the plaintiffs' complaints and I am not aware of any premiums being charged based on the plaintiffs' race. I had no involvement in establishing premium levels for American General or any of its predecessors.

*See* Affidavits of Robert Condrey and Homer Haywood.

The question before this court, therefore, is whether this evidence is sufficient to establish that there is no possibility that a state court could find that a fraudulent suppression claim can be established against the individual defendants.

In *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir.1997), the Eleventh Circuit explained that, under fraudulent joinder analysis, a plaintiff need not show that he could survive in the district court on a motion for summary judgment. Instead, after drawing all reasonable inferences from the record in favor of plaintiff and resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that state law might impose liability on the facts involved. *Id.* at 1541–42. The court further stated that a district court is to stop short of adjudicating the merits of cases. In *Crowe*, the Eleventh Circuit found that a conflict in facts between the defendant's affidavit and the Plaintiff's sworn complaint and statement of facts was sufficient to establish that there was no fraudulent joinder. *Id.* at 1542.

Another judge in this district has applied this rule in the context of a fraudulent suppression claim and determined that where a defendant submitted an affidavit wherein he stated that he had no knowledge of the fact suppressed, a question of fact was created by the allegations

of the plaintiff's complaint that a conversation occurred during which the agent would have heard the relevant information, which the court concluded was sufficient to establish that there was no fraudulent joinder. *Bedford v. Connecticut Mutual Life Ins. Co.*, 916 F.Supp. 1211 (M.D.Ala.1996).

The relevant fact which the Plaintiffs contend was suppressed in this case was "that African–American individuals were being charged more for industrial policies than similarly situated white individuals." Complaint at ¶ 51(a). The implication, of course, being that since the Defendants suppressed this fact, they had knowledge of it. American General has argued that the Plaintiffs are trying to hold the individual defendants liable on the basis of imputed knowledge which is foreclosed by Alabama case law. Such case law would not, however, foreclose a claim that the individual defendant who had knowledge of the fact suppressed that fact from the Plaintiffs.

This case bears some similarity to the *Bedford* case wherein allegations in the complaint of a conversation during which knowledge could have been gained by the resident defendant was sufficient to establish that there was no fraudulent joinder. In this case, the Plaintiffs have alleged that individual agents formed personal relationships with policyholders and that the agents participated in "debit routes" whereby they personally visited the homes of policy owners on their routes to collect the premiums. Complaint at ¶ 13. The Plaintiffs have further alleged that disadvantaged persons, both African–American and white, were sold these policies. These allegations present a scenario through which the agents could learn, if not that actual rate structure of American General was based on race, then that there were differences between what white and African–American policyholders paid for their policies over time. Therefore, this court cannot conclude that there is no possibility that a state court could not find that the Plaintiffs have established a claim against the resident defendants.

American General has asked this court to allow it to conduct jurisdictional discovery. The court cannot discern how discovery conducted by American General, presumably of the Plaintiff, will aid American General, or this court, in evaluating a claim of fraudulent suppression where the information was not in the possession of the Plaintiff, but allegedly in the possession of the individual agents. Accordingly, this request is due to be DENIED.

## V. CONCLUSION

For the reasons discussed, the court has determined that the individual defendants in this case have not been fraudulently joined. Accordingly, this court lacks subject matter jurisdiction and the case is due to be remanded. A separate Order will be entered in accordance with this Memorandum Opinion.